UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

PAUL ALEXANDER, individually &
on behalf of all similarly situated,

    Plaintiff(s),

                                        Case Number _____

v.

EVANS CONSTRUCTION CO., INC.

    Defendant.
_____/

## Complaint

1. The named Plaintiff, Paul Alexander, individually and on behalf of all similarly situated, sues Defendant, Evans Construction Co., Inc., pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

2. Defendant is a domestic corporation.

3. Defendant conducts business throughout Kentucky.

4. Named Plaintiff worked for Defendant from August 2014 through May 2016.

5. Named Plaintiff worked for Defendant as an hourly laborer.

6. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Venue is appropriate in Frankfort, Kentucky pursuant to L.R. 3.1(a)(2)(A) because named Plaintiff worked for Defendant in, among other counties, Trimble, Owen, Shelby and Carroll counties.

1

8. Defendant provides personnel to power plants, maintenance facilities and offices to assist with day to day operations.

9. Defendant pays straight time for overtime to its hourly laborers.

10. Plaintiff(s) are paid an hourly wage.

11. Defendant did not pay Plaintiff(s) time and half for hours worked over forty in a workweek.

12. Defendant's Straight Time for Overtime Pay Policy violates 29 U.S.C. § 207(a)(1).

13. Plaintiff(s) regularly work over forty hours a week and receive only their regular rate of pay for overtime.

14. An employer must pay an employee overtime pursuant to 29 U.S.C. § 207(a)(1).

15. Defendant did not comply with 29 U.S.C. § 207 as it relates to Plaintiff(s).

16. Defendant has annual gross revenues of over $500,000.

17. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as paper, cell phones, chemicals, cleaning equipment, tools and materials.

18. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

19. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

20. Defendant employed named Plaintiff.

21. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

22. Defendant willfully violated the FLSA.

23. Defendant acted in reckless disregard of the FLSA.

24. Plaintiff(s) are owed proper overtime pay for the work they performed for Defendant.

25. Defendant has been the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

26. The Plaintiff(s) had similar job duties.

27. The Plaintiff(s) were paid pursuant to the same pay policy.

28. There are similarly situated employees to named Plaintiff that would like to recover unpaid overtime.

Wherefore, Plaintiff(s) demand pursuant to Section 16(b) of the FLSA facilitation of notice of rights to putative class members, conditional class certification, class certification, trial by jury, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 14th day of June 2017,

>/s/ *Bernard R. Mazaheri*
> Bernard R. Mazaheri
> Morgan & Morgan
> 333 W Vine St Ste 1200
> Lexington, Kentucky 40507
> Tel – (859)286-8368
> Email – bmazaheri@forthepeople.com